| | |
|---|---|
| DISTRICT COURT, COUNTY OF DOUGLAS, STATE OF COLORADO<br><br>Court Address:<br>4000 Justice Way<br>Castle Rock, Colorado 80109 | DATE FILED: December 21, 2023 3:45 PM<br>FILING ID: A2818F407A3D2<br>CASE NUMBER: 2023CV30991 |
| Plaintiff:   **Shana Griggs**<br><br>v.<br><br>Defendants:  **20 Mile Road Parker CO LLC, Thompson Thrift Development, Inc., Thompson Thrift Construction, Inc.** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Laura Browne, #46673<br>Sean M. Dormer, #44962<br>Dormer Harpring, LLC<br>3457 Ringsby Court, Unit 110<br>Denver, CO  80216<br>Phone Number: (303) 756-3812<br>Facsimile: (303) 477-7400<br>Email: attorneys@denvertrial.com | Case No:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Shana Griggs, by and through her attorneys, Dormer Harpring, LLC, for her Complaint against Defendants, 20 Mile Road Parker CO, LLC, Thompson Thrift Development, Inc., and Thompson Thrift Construction, Inc., states as follows:

## INTRODUCTION

1. Tenants within an apartment property are reliant upon the property, and those third-parties it may employ, to maintain the environment of the property in a safe manner, to minimize risk to the tenants. Tenants pay rent and fees in order to cover costs of maintenance and related expenses, and therefore have an expectation of safety in their surroundings. This suit regards two separate incidents wherein Defendants failed to properly maintain the apartment property where Ms. Griggs lived, both failures leading to injury.

2.  While Colorado is known to have ice and snow conditions in the winter, that knowledge also makes it clear what needs to be done by an apartment property to maintain the property in a way that maximizes safety for its tenants. It is extremely dangerous to fail to properly remove snow and ice on an apartment property, particularly in areas that are known to be accessed by pedestrian residents. These Defendants (or at least one of them) failed to adequately remove snow and ice from the driveway and parking lot of the Watermark on Twenty Mile Luxury Apartment Homes ("the Property"), particularly an area of driveway used to access a school bus stop. Plaintiff Shana Griggs signed a lease with Defendants on November 16, 2021 and resided in her apartment with her two children. When Ms. Griggs attempted to walk her daughter to her school bus stop one winter morning on the Property driveway, she slipped on ice she could not see and fell, sustaining injuries (this event is further described below as "the First Incident"). Ms. Griggs seeks damages for claims under the Premises Liability Statute (C.R.S. § 13-21-115) or, alternatively, the common law of negligence.

3.  Apartment residents also have a reasonable expectation of proper maintenance of the amenities that are sold to them as perks of residency at an apartment property. One of those amenities for Ms. Griggs was a swimming pool. Unfortunately, these Defendants (or at least one of them) failed to adequately repair and/or maintain the pool area of the Property. When Ms. Griggs was watching her daughter at swim lessons and walking around the perimeter of the pool, her leg slipped into an uncovered pool filtration opening, causing her to fall and sustain injuries (this event is further described below as "the Second Incident.") Ms. Griggs seeks damages for claims under the Premises Liability Statute (C.R.S. § 13-21-115) or, alternatively, the common law of negligence.

## PARTIES, JURISDICTION, AND VENUE

4.  The Property is located at 11010 South Twenty Mile Road, Parker, Colorado 80134.

5.  At the time of both the First Incident and Second Incident, Ms. Griggs was a tenant of the Property, and lived at 11010 South Twenty Mile Road, Apartment 2-106, Parker, Colorado 80134.

6.  Upon information and belief, at the time of both Incidents, Defendant 20 Mile Road Parker CO, LLC ("20 Mile") is a foreign limited liability company, formed in Delaware, with a principal office street address of 901 Wabash Avenue, Suite 300, Terre Haute, Indiana 47807 and a registered agent located of Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

7.  Upon information and belief, at the time of both Incidents, Defendant Thompson Thrift Development, Inc. ("T-T Development"), was a foreign corporation, formed in Indiana, which was authorized to do and is doing business in Colorado, with a principal office street address of 901 Wabash Avenue, Suite 300, Terre Haute, Indiana 47807 and a registered agent located of Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

8. Upon information and belief, at the time of both Incidents, Thompson Thrift Construction, Inc. ("T-T Construction") was a foreign corporation, formed in Indiana, which was authorized to do and is doing business in Colorado, with a principal office street address of 901 Wabash Avenue, Suite 300, Terre Haute, Indiana 47807 and a registered agent located of Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

9. Under C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over each Defendant because each transacts business in the state of Colorado.

10. Under C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over each Defendant because each committed one or more tortious acts in the state of Colorado.

11. Under C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over each Defendant because each owns, uses, or possesses real property situated in the state of Colorado.

12. Under C.R.C.P. 98(c), venue is proper in Douglas County, Colorado, because the Incident occurred in Douglas County, Colorado.

13. At the time of both Incidents, Ms. Griggs was a resident of the Property, paying rent.

14. Ms. Griggs was an invitee to the Property at the time of both Incidents under C.R.C.P. §13-21-115(5)(a), because Plaintiff entered the land to "transact business in which the parties [were] mutually interested."

## THE FIRST INCIDENT

15. On or about January 25, 2022, Ms. Griggs's daughter's school bus was set to arrive to their residence at the Property at 9:33 a.m.

16. Ms. Griggs' daughter's school was on a delayed start on the morning of the Incident.

17. At approximately 9:25 a.m., Ms. Griggs parked her car along the sidewalk within the parking lot of the Property, directly below the driveway.

18. Ms. Griggs walked her daughter to the bus stop at approximately 9:30 a.m..

19. Ms. Griggs and her daughter were required to walk up an inclined driveway in order to get from the parking lot to the school bus stop.

20. The bus stop was located on the upper sidewalk of the Property that runs parallel to Twenty Mile Road.

21. While Ms. Griggs walked her daughter to the bus stop, her daughter almost slipped and fell due to the ice and snow conditions on the walkway, but Ms. Griggs was able to catch her daughter and prevent her from falling.

22. While Ms. Griggs and her daughter waited for the school bus on the sidewalk running parallel to Twenty Mile Road, Ms. Griggs heard honking.

23. Ms. Griggs turned and saw a maintenance worker from the Property a motorized snow removal machine.

24. The maintenance worker appeared to be driving the machine along the sidewalk which ran parallel to Twenty Mile Road.

25. Ms. Griggs observed the maintenance worker partially remove some snow from some areas of the sidewalk.

26. Ms. Griggs' daughter got on the school bus, and Ms. Griggs turned to make her way back to her car parked in the parking lot.

27. Ms. Griggs walked to the end of the sidewalk then began to walk down the decline of the driveway to her car.

28. While walking, she slipped and fell on snow on top of a layer of ice on the ground.

29. As a result of the fall, Ms. Griggs was injured.

30. As a direct and reasonably foreseeable result of Defendants failing to properly maintain the snow and ice in the driveway, Ms. Griggs fell.

31. As a direct and reasonably foreseeable result of said fall, Ms. Griggs has suffered multiple injuries, damages, and losses (collectively, "Injuries"), including without limitation injuries to his shoulders.

32. As a direct and reasonably foreseeable result of Ms. Griggs' Injuries, Ms. Griggs has suffered and will suffer past and future economic damages, past and future non-economic damages, and damages for physical impairment and/or disfigurement.

33. As a direct and reasonably foreseeable result of the Injuries, Ms. Griggs has been rendered more vulnerable to subsequent injury.

34. Plaintiff's date of birth is June 21, 1980.

35. At the time of the Incident, Plaintiff was 41 years old.

36. Ms. Griggs has a life expectancy according to Colorado statute.

## THE SECOND INCIDENT

37. On or about August 2, 2022, Ms. Griggs was at the community pool located on the Property.

38. Ms. Griggs' daughter was participating in swim lessons and Ms. Griggs was observing the lesson.

39. Ms. Griggs walked around the perimeter of the pool.

40. Suddenly, Ms. Griggs' left leg slipped into a hole located in the perimeter of the pool.

41. Ms. Griggs was thrown off balance and fell, sustaining injuries.

42. The hole Ms. Griggs's leg fell into appeared to be an uncovered water filtration opening for the pool system.

43. The opening should have been covered by a lid or cap.

44. The opening was not covered by a lid or cap at the time of the Second Incident.

45. As a result of the fall, Ms. Griggs was injured.

46. As a direct and reasonably foreseeable result of Defendants failing to properly repair and/or maintain the pool area, Ms. Griggs fell.

47. As a direct and reasonably foreseeable result of said fall, Ms. Griggs has suffered multiple injuries, damages, and losses (collectively, "Injuries"), including without limitation injuries to his shoulders.

48. As a direct and reasonably foreseeable result of Ms. Griggs' Injuries, Ms. Griggs has suffered and will suffer past and future economic damages, past and future non-economic damages, and damages for physical impairment and/or disfigurement.

49. As a direct and reasonably foreseeable result of the Injuries, Ms. Griggs has been rendered more vulnerable to subsequent injury.

## FIRST CLAIM FOR RELIEF
**(Premises Liability against each and all Defendants)**

50. Ms. Griggs incorporates by reference ¶¶ 1-49 as though set forth in their entirety hereunder.

51. On both January 25, 2022 and August 2, 2022, Ms. Griggs was lawfully on the Property located at 11010 South Twenty Mile Road, Parker, Colorado 80134.

52. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) was a landowner of the Property at the time of the Incident, pursuant to C.R.S. § 13-21-115(1).

53. As a landowner, each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) owed Ms. Griggs a duty to exercise reasonable care with respect to dangers at the Property of which it knew or should have known.

54. Said duty is a non-delegable duty. Restatement (2d) of Torts, Section 422 (1965); *Springer v. City, County of Denver*, 13 P.3d 794 (Colo. 2000); *Reid v. Berkowitz*, 2013 COA 110.

55. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) breached its duty to Ms. Griggs by

(1) Unreasonably failing to protect against the danger of snow and ice, which it knew or should have known was present on the property where Ms. Griggs fell and,
(2) Unreasonably failing to repair and/or maintain the pool area, which it knew or should have known would create a dangerous condition.

56. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) failed to use reasonable care to protect against these dangers on its property.

57. Each Defendant's (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) failure was the cause of Ms. Griggs' injuries, damages and losses.

58. Ms. Griggs did not cause or contribute to her injuries at the Property.

59. Ms. Griggs was not negligent and/or comparatively negligent.

60. At all times relevant, each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein and it, or its agents and/or employees unreasonably failed to exercise reasonable care to protect Ms. Griggs and others similarly situated at the time of the Incident.

61. In the First Incident, each Defendant breached their duties to Ms. Griggs in the following respects, including, but not limited to:

   (a) Failure to have present at the time of the incident signs to warn of possible danger;
   (b) Failure to remove snow and ice in a safe manner so as to not create undo hazards due to melting and refreezing in common walkways and areas used by pedestrians so as to not create hazardous conditions.
   (c) Failure to put down proper anti-ice measures to prevent dangerous conditions;
   (d) Failure to exercise reasonable care to prevent dangerous conditions in the parking lot and driveway where users could reasonably be expected to exit their vehicles and walk to a bus stop or sidewalk;
   (e) Failure to exercise reasonable care in inspecting and maintaining throughways, walkways and the driveway and other concrete/asphalt areas to ensure that they are free of ice and slippery surfaces so as to create a dangerous or hazardous condition;

62. In the Second Incident, each Defendant breached their duties to Mrs. Griggs in the following respects, including but not limited to:
   (a) Failure to have present at the time of the incident signs to warn of possible danger;
   (b) Failure to properly complete a repair/maintenance task and secure the area, so as to not create hazardous conditions.
   (c) Failure to hire competent and professional employees or contractors to perform pool maintenance/repair work;
   (d) Failure to exercise reasonable care to prevent dangerous conditions in the pool area where users could reasonably be expected to walk;
   (e) Failure to exercise reasonable care in inspecting and maintaining throughways, walkways, and other concrete/asphalt areas to ensure that they are free of holes in the walkway, so as to create a dangerous or hazardous condition;

63. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) unreasonably failed to exercise reasonable care and its agents and/or employees failure to warn of the unreasonable danger to invitees of the hazardous conditions and are liable to Ms. Griggs for the damages caused.

64. As a direct and reasonably foreseeable result of said unreasonable failure, Ms. Griggs has suffered and will suffer Injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
### (Negligence Claim against each and all Defendants)

65. Ms. Griggs incorporates by reference ¶¶ 1-64 as though set forth in their entirety hereunder.

66. This is a claim in the alternative, to the extent the Premises Liability Act does not apply to any aspect of this suit.

67. On the date of the both Incidents, Ms. Griggs was lawfully on the Property in the public area of the subject Property owned, operated, and maintained by Defendants.

68. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) owed Ms. Griggs a duty of reasonable care.

69. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them owed a legal duty to Ms. Griggs to operate and maintain the Property in a reasonably safe manner, including hiring and training competent employees/contractors and maintenance companies, supervising those employees and/or companies properly, performing maintenance and/or repair, all of which may have included removal of snow, ice, removing snow and ice to low traffic areas for pedestrians so as to not create hazards by melting and refreezing, putting down anti-ice measures such as salt, ice melt and warning of the dangerous conditions, completing pool maintenance/repair, ensuring the pool environment remained safe following pool maintenance/repair tasks.

70. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) breached its duties by failing to maintain the Property in a reasonably safe manner through its own employees, and/or failed to hire competent contractors and maintenance companies, and by failing to properly supervise its own employees and/or those companies, and by failing to prevent the existence of dangerous conditions on the property, and/or by failing to warn of any dangerous conditions, including the location and hazards at that location where Ms. Griggs walked in the Property.

71. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) breached said duty of reasonable care.

72. Each Defendant (this is directed at each Defendant, individually, as well as all Defendants collectively and any smaller grouping of them) was negligent.

73. As a direct and reasonably foreseeable result of said breach, Ms. Griggs has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

WHEREFORE, Plaintiff, Shana Griggs, requests that judgment be entered in her favor and against Defendants, jointly and severally, for all available relief, including without limitation economic damages, non-economic damages and damages for physical impairment and disfigurement, equitable and injunctive relief, as well as and interest, costs, and attorney's fees, and such other relief as this Court deems proper.

DATED December 21, 2023.

                                  DORMER HARPRING, LLC

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

By:    */s/ Laura Browne*
        Laura Browne, (#46673)
        Sean M. Dormer, (#44962)
        *Attorneys for Plaintiff*

Plaintiff's Address:
11010 South Twenty Miles Road
Unit 2-106
Parker, CO 80134