IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00410-CYC

SHANA GRIGGS,

    Plaintiff,

v.

20 MILE ROAD PARKER CO LLC, and
THOMPSON THRIFT DEVELOPMENT INC.,

    Defendants.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Contending that the plaintiff cannot establish that the defendants failed to exercise reasonable care as to a January 25, 2022 incident, the defendants seek summary judgment on her claims relating to that incident. Because the plaintiff fails to raise a genuine dispute of material fact as to whether the defendants' snow-removal actions that day were unreasonable, the Court grants the motion as to the plaintiff's claim brought under the Colorado Premises Liability Act. But because the parties do not address the plaintiff's common-law negligence claim, the Court denies the motion to the extent it seeks summary judgment on that claim.

## LEGAL STANDARD

    A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir.

2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation marks omitted). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## **FACTS**

While the plaintiff states that she disputes certain of the below facts, she offers no citation to authority for her dispute as required by Federal Rule of Civil Procedure 56(c)(1)(A). Nor does she "show[ ] that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). For those proffered facts, the Court has reviewed the

2

underlying evidence. To the extent these facts offered by the defendants are supported by evidence, the Court treats them as undisputed. *See* Fed. R. Civ. P. 56(e)(2) and (3).

As such, the following facts are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), viewed in the light most favorable to the plaintiff.

The plaintiff brings claims against the defendants relating to two incidents that occurred at an apartment complex. This motion relates only to the incident that occurred on January 25, 2022. The plaintiff was a resident at the complex on that date. ECF No. 3 ¶ 13; ECF No. 11 ¶ 13. As a result, she was an invitee under the Colorado Premises Liability Act ("CPLA"), Colo. Rev. Stat. § 13-21-115(7)(a). ECF No. 80-1 ¶ 1.

On that day, the plaintiff's daughter's school had a delayed start because it was snowing. ECF No. 80-1 ¶ 4; ECF No. 73-1 at 52:21–53:1. As a result, the plaintiff took her daughter to the school bus stop around 9:00 a.m. ECF No. 80-1 ¶ 3; ECF No. 73-1 at 52:21–24. To get there, she drove to the side of the apartment complex that is closest to the bus stop and walked up the driveway at the front of the complex to a sidewalk where the bus stop was located. ECF No. 80-1 ¶¶ 8–11; ECF No. 73-1 at 54:9–63:14. The driveway has a slight incline and is an entrance to the complex for vehicles. ECF No. 80-1 ¶¶ 10–11. While she waited for the bus, the plaintiff saw a maintenance worker at the complex plowing the sidewalk on a motorized vehicle. ECF No. 80-1 ¶ 12; ECF No. 73-1 at 62:11–21, 63:18–65:6. It was actively snowing while she waited for the bus. ECF No. 73-1 at 56:16–23, 62:22–63:3, 64:23–66:4; ECF No. 73-2 at 18. After her daughter got on the bus, the plaintiff walked down the same driveway she walked up. ECF No. 80-1 ¶ 13; ECF No. 73-1 at 66:2–16. While doing so, she slipped and fell. ECF No. 80-1 ¶ 14; ECF No. 73-1 at 66:17–68:2. At the time, it was still actively snowing. ECF No. 80-1 ¶ 15.

That day, it began snowing before 5:00 a.m. in the area of the apartment complex and continued through the morning until approximately 11:00 a.m. *Id.* ¶¶ 17–18; ECF No. 73-2 at 18. During the hour immediately preceding the plaintiff's fall, snow fell at a rate of approximately one and a half inches per hour at the complex. ECF No. 80-1 ¶ 20; ECF No. 73-2 at 20. At the time of the fall, approximately 2.1 inches of snow had accumulated. ECF No. 80-1 ¶ 21; ECF No. 73-2 at 21. Three employees of defendant Thompson Thrift Development, Inc. ("Thompson Thrift") were assigned to remove snow and ice melt during snow events. ECF No. 80-1 ¶ 22. Thompson Thrift also had a snow removal contract with Land Tech to clear snow and de-ice the apartment complex's parking lots, driveways, and asphalt areas with a two-inch trigger to begin work. *Id.* ¶ 27; ECF No. 73-10. According to an industry expert, the contract, including the two-inch trigger, is in line with industry practice. ECF No. 80-1 ¶ 28; ECF No. 73-7 at 7.

## **ANALYSIS**

The plaintiff asserts two claims related to the above-described incident, one under the CPLA, ECF No. 3 ¶¶ 50–64, and one for common-law negligence, *id.* ¶¶ 65–73.

As to the first of those claims, the CPLA establishes the duties of a landowner to a third party injured on its property and supplants common-law theories of liability. *See Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 574 (Colo. 2008) (citing *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004)). The CPLA defines a "landowner" as "an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property." Colo. Rev. Stat. § 13-21-115(7)(b). While they denied being landowners in their answer, ECF No. 11 ¶ 52, and never explicitly concede that they are landowners under the CPLA, the defendants do not contest the point when arguing for summary judgment under the CPLA. *See* ECF No. 73 at 4 (pointing to Colo. Rev. Stat. § 13-21-115); ECF No. 73-10 at 1 (snow removal contract

4

indicating that defendant Thompson Thrift was the management company for the apartment complex). The CPLA analysis below therefore assumes that the defendants were landowners of the apartment complex on January 25, 2022.

Under the CPLA, an invitee "may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers the landowner actually knew about or should have known about." Colo. Rev. Stat. § 13-21-155(4)(c)(I). "Thus, for an invitee to prevail on a premises liability claim, she must prove: (1) the landowner actually knew or should have known of the danger to the invitee and (2) the landowner unreasonably failed to exercise reasonable care to protect the invitee from that danger." *Lombard*, 187 P.3d at 570 (quotation marks omitted).

The motion focuses on the latter requirement. "[R]easonable care is measured by what a person of ordinary prudence would or would not do under the same or similar circumstances." *Lombard*, 187 P.3d at 574. For the plaintiff to ultimately prevail in this case, she must establish "proof that the defendant[s] failed to exercise reasonable care." *Id*. at 575.

She cannot do so. The defendants had three maintenance employees who were charged with snow removal and, on the date in question, the plaintiff saw one of them removing snow prior to her fall. ECF No. 80-1 ¶¶ 12, 22. They had a snow removal contract with Land Tech with a two-inch trigger to begin work. *Id.* ¶ 27. And the defendants' expert opined:

> It is standard in the industry to have a one-to-two-hour turnaround time for crews to mobilize and arrive onsite once a specified contract trigger depth has been reached. It is unreasonable and not the industry standard to expect snow crews to instantly arrive onsite the moment a specified trigger depth has been reached on paved surfaces, especially when snow has suddenly increased and around 1.5 inches of snow has fallen within one hour. The incident occurred around 9:30AM the morning of January 25, 2022, right in the middle of ongoing snow, and the weather report shows that around 2.1 inches of snow would have just accumulated on the ground at this time. It is my opinion that Landtech was mobilizing their snow removal crews as the snow reached trigger depth at the apartments the morning of

5

> January 25, 2022, when the incident occurred. It is my opinion that Landtech and [the apartment complex] acted according to the snow removal contract that was in place, and according to the industry standard of care regarding snow plowing during an ongoing winter storm the morning of January 25, 2022. The Thompson Thrift/[apartment complex] snow removal log for Weather Conditions/Work Performed on sidewalks 1/25/2022 states that it was actively snowing the whole day and the snow did not start until 7:00AM and did not begin building up until around 8:00AM. They made multiple passes on the fourwheeler to continue working through the ongoing snow that was occurring. It is impossible to clear 100% of all snow from paved surfaces when it is actively snowing. Once you plow or clear an area snow will fall right back over in place and cover up the plowed/cleared area. This is the nature of performing snow plowing/clearing during an ongoing winter storm when it is continuing to snow throughout the day.

ECF No. 73-7 at 9. The plaintiff's own testimony is consistent with this conclusion: she testified, for instance, that while she waited for the bus, she saw a maintenance worker plowing the sidewalk on a motorized vehicle and that it was actively snowing both while she waited for the bus and when she fell. ECF No. 73-1 at 56:8–10, 62:11–21, 63:18–65:6, 66:2–4. The defendants' actions, then, were reasonable.

The plaintiff resists this conclusion. The defendants should have increased the maintenance staff, assigned Land Tech more responsibility, or prioritized the plaintiff's walking route that day. To be sure, a failure to act can be unreasonable. *Cf.*, *Kappius v. EQR-SWN Line Vistas, Inc.*, No. 04 CV 3121, 2005 WL 3199453, at *4 (Colo. Dist. Ct. July 25, 2005) (discussing alleged failure to act when tenant slipped on stairs). But the plaintiff offers no evidence or case law to support the position that her desired steps form the threshold of unreasonableness. *See* ECF No. 77 at 6–8. One could imagine a myriad of additional steps that were possible that day, but such Monday morning quarterbacking does not rebut the defendants' expert testimony that the defendants' actions comprised reasonable care.

Nor does local law aid the plaintiff's cause. A plaintiff can "present[ ] evidence that the [defendants] violated a statute or ordinance" to "overcome [their] summary judgment motion," *Lombard*, 187 P.3d at 574, but here, the local ordinance in question provides landowners with a

6

grace period of "forty-eight (48) hours after the cessation of any fall of snow" to clear snow and ice from property. Town of Parker Mun. Code § 10.01.020(a). Given that snow was still falling at the time of the incident, the ordinance tends to excuse, rather than penalize the defendants' actions that day.

Nevertheless, the plaintiff contends that Thompson Thirft's Maintenance Policies and Procedures set a higher bar than the town ordinance. ECF No. 77 at 9. But she offers no legal support for the idea that a corporate policy can lead to legal culpability. Indeed, violation of a company policy "doesn't necessarily mean you have committed a tort." *Johnson v. Liberty Mut. Fire Ins. Co.*, 648 F.3d 1162, 1165 (10th Cir. 2011) ("Our role as a court of law is not to enforce private corporate policy but to assess public legal liability."). Moreover, the policy states: "Prompt and effective snow removal services positively impact our resident's experience. Successful snow removal develops trust and promotes a safe and well-manicured environment for our residents. Sidewalks, Roadways, and common areas should be cleared and treated with chemical ice melt as soon as reasonably possible after two inches (2") of accumulation." ECF No. 78-7 at 10. And the defendants' expert opined that the defendants' actions fit the rubric of actions that were reasonably possible following two inches of snow accumulation. *See* ECF No. 73-7 at 9. The plaintiff offers no contrary evidence. So, even if the policy could lead to legal tort liability — itself a doubtful proposition — the expert opinion and the plaintiff having observed a maintenance worker clearing a sidewalk while she waited for the bus both support the conclusion that the defendants acted in accordance with the policy.

Generally, while the question of reasonable care under the CPLA is a question of fact, *Vigil*, 103 P.3d at 328, and "a court cannot grant summary judgment on what is normally a question of fact under Colorado law unless the facts so overwhelmingly and inarguably point in

[the movant's] favor that it cannot be said that a reasonable jury could possibly side with the [non-movant] on that question," *Axelrod v. Cinemark Holdings, Inc.*, 65 F. Supp. 3d 1093, 1102 (D. Colo. 2014), the facts do point in that direction here. The defendants offer evidence of their snow-removal steps and an expert opinion that those steps were reasonable. The plaintiff offers a legally unsupported wish list in response. As a result, she has failed to raise a genuine dispute of material fact as to whether the defendants' actions regarding snow removal on January 25, 2022 were unreasonable. *See Richardson v. DHS Drilling Co.*, No. 13-cv-01583-PAB-KMT, 2015 WL 1378975, at *5–6 (D. Colo. Mar. 24, 2015); *Henderson v. Master Klean Janitorial, Inc.*, 70 P.3d 612, 616 (Colo. App. 2003) (affirming grant of summary judgment on other grounds when the plaintiff "submitted no evidence that defendant's employee failed to exercise reasonable care upon being notified of" a spill on a staircase). Therefore, the motion must be granted to the extent the plaintiff brings a CPLA claim against the defendants.

That leaves the plaintiff's common-law negligence claim. ECF No. 3 ¶¶ 65–73. Generally, "premises liability claims are the exclusive remedy against a landowner for injuries suffered while on a landowner's property." *Richardson*, 2015 WL 1378975, at *6 (citing *Vigil*, 103 P.3d at 328). That would ordinarily appear to compel the conclusion that the CPLA preempts the plaintiff's common-law negligence claim. *E.g. Wyle v. Skiwatch Condo. Corp.*, 183 F. App'x 760, 761 (10th Cir. 2006) (unpublished); *Tavernetti v. Coogan*, No. 20-cv-00853-STV, 2020 WL 5321274, at *4 (D. Colo. Sept. 4, 2020) ("The CPLA thus preempts common law causes of action against landowners for injuries occurring on their land and by reason of the property's condition."); *Danielson v. Wal-Mart Stores, Inc.*, No. 06-cv-00053-EWN-PAC, 2006 WL 2385215, at *5 (D. Colo. Aug. 17, 2006) (dismissing negligent hiring and negligent supervision claims against store owner as preempted by the CPLA); *Casey v. Christie Lodge*

8

*Owners Ass'n*, 923 P.2d 365, 367–68 (affirming denial of motion to amend to add claims for negligent supervision and negligent retention).

But the defendants have never admitted for all purposes that they are landowners, and they offer no other argument on the plaintiff's common-law negligence claim. Instead, they simply argue that they are not liable under the CPLA and ask the Court to enter partial summary judgment as to all claims regarding the January 2022 incident. ECF No. 73 at 10. But this ignores the possibility that the defendants explicitly kept open in their answer, ECF No. 11 ¶ 52, that they may not be landowners. *Cf. Hall v. Marriott Hotel Servs.*, LLC, No. 23-cv-02050-GPG-TPO, 2024 WL 5245434, at *2 (D. Colo. Nov. 25, 2024) (discussing definition of landowner under the CPLA). And if they are not landowners, the common-law claim is not necessarily preempted. Beyond that, as to the common-law negligence claim, the Court cannot "construct arguments or theories for [a party] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). As a result, the question of whether the plaintiff's common law negligence claim is precluded by the CPLA or whether judgment on the negligence claim should be granted on its merits are not before the Court. *See Gould v. Union Pac. R.R. Co.*, No. 19-cv-02326-PAB-NRN, 2021 WL 1192925, at *5 (D. Colo. Mar. 30, 2021) (denying motion for summary judgment that sought to dismiss negligence claim as precluded by the CPLA but did not argue the merits of dismissing the CPLA claim).

To be sure, if the defendants are landowners under the CPLA — as opposed to being assumed to be so as in this opinion — the law seems clear that the common-law negligence claim would be preempted. It may be, then, that the parties will agree that the defendants are landowners and that therefore a stipulation of dismissal of the common-law negligence claim

9

under Rule 41(a)(1)(A)(ii) is in order to conserve resources. But that is the parties' decision, not one for the Court at this stage.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant' Partial Motion for Summary Judgment, ECF No. 73, is **GRANTED in part** and **DENIED in part**.

It is further ORDERED that, at the conclusion of this case, **JUDGMENT** will enter in favor of the defendants and against the plaintiff, dismissing with prejudice her claim brought under the Colorado Premises Liability Act related to the incident that occurred on January 25, 2022.

DATED this 27th day of February, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge